IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-25,034-02






EX PARTE KEVIN FORD BATSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 27154-CR IN THE 13TH DISTRICT COURT


FROM NAVARRO COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of sexual assault
and sentenced to forty years' imprisonment. He did not appeal his conviction.

 Applicant contends that he waived his right to appeal and agreed to the State's
recommendation on punishment based on counsel's advice that he would be eligible for release to
parole in twelve years. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Moussazadeh, 361 S.W.3d 684 (Tex. Crim. App. 2012). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claim. She shall state whether she advised
Applicant that he would be eligible for release to parole in twelve years and, if so, whether she
believed Applicant's decision to waive his right to appeal and accept the State's recommendation
on punishment was based on this advice. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make further findings of fact and conclusions of law as to whether trial
counsel's conduct was deficient and, if so, whether Applicant would not have waived his right to
appeal and accepted the State's recommendation on punishment but for this deficient conduct. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: March 6, 2013

Do not publish